IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON CISZEWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:09-cv-05355 |
| ) | |
| DENNY'S CORPORATION, a Delaware ) | Judge Matthew F. Kennelly |
| corporation, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

Nick DeBenedetto ("DeBenedetto" or "Intervenor"), a member of the putative nationwide class in this action and plaintiff in the first-filed statewide class action now pending in New Jersey Superior Court (Law Division), seeks leave to intervene, both as of right and by permission, pursuant to F.R.Civ.P. 24, in order to protect the interests of class members, both nationally and in New Jersey.

**PROCEDURAL BACKGROUND**

On July 23, 2009, DeBenedetto filed a Class Action Complaint in New Jersey Superior Court, Law Division, Bergen County, Docket Number MID-L-6259-09. On August 4, DeBenedetto amended his complaint. A copy of the First Amended Class Action Complaint ("First Complaint") is attached to this motion. The First Complaint sets out the claims for which intervention is sought.

On August 29, 2009, in this Court, Jason Ciszewski and his counsel filed the Complaint. Docket No. 1 ("Second Complaint").

The factual allegations in the First Complaint and the claims in the Second Complaint are strikingly similar, such as the use of identical examples of Denny's meals[1] and the allegation that

---

[1] Cf. First Complaint ¶ 18 to Second Complaint ¶ 9.

75% of Denny's meals contain more than the maximum amount of sodium most American adults should consume in an entire day (although the Second Complaint incorrectly attributes this calculation to an "independent laboratory" rather than to the likely actual source, the First Complaint).[2]

The causes of action, while not identical, are also similar, the prime distinction being that the First Complaint seeks certification of a class of New Jersey residents pursuant to New Jersey law while the Second Complaint seeks certification of a nationwide class pursuant to Illinois law (against a South Carolina company incorporated in Delaware).

In the New Jersey case, Denny's has already filed a motion to dismiss the First Complaint, and briefing has been completed. The matter is set for argument and submission on November 10, 2009.

In this case, Denny's has appeared by counsel but has not yet responded to the Complaint, and has indeed sought an extension of time to November 23, 2009 to do so.

The only pending matter in this case is the Status Hearing currently set for November 9, 2009, at 9:00 am.

## INTERVENTION STANDARDS

F.R.Civ.P. 24 provides for both intervention of right and permissive intervention:

> **Rule 24. Intervention**
>
> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
> **(1)** is given an unconditional right to intervene by a federal statute; or
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[2]  Cf. First Complaint ¶ 18 to Second Complaint ¶ 9.

> **(b) Permissive Intervention.**
>
> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
> **(A)** is given a conditional right to intervene by a federal statute; or
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

DeBenedetto seeks intervention of right and, alternatively, by permission.

### DEBENEDETTO'S PROPOSED ROLE IN THIS CASE

To assist the Court in considering this motion, DeBenedetto will outline the role he would seek to play in this case, as well as the role of his counsel. He proposes to serve alongside the current plaintiff as a second class representative, possibly with his counsel serving as class counsel, either jointly with current counsel or as interim class counsel pursuant to F.R.Civ.P. 23(g)(3).

Although DeBenedetto currently seeks certification only of a New Jersey class, he is willing and able to serve as class representative in a nationwide class. His counsel anticipate taking an active role in all aspects of this case, including motion practice and discovery. Their significant experience with both consumer protection laws and class actions bring a considerable benefit to all class members. Participation of DeBenedetto and his counsel significantly increase the likelihood of a finding of adequacy of representation pursuant to F.R.Civ.P. 23(a)(4).

### INTERVENTION OF RIGHT BY DEBENEDETTO

In this Circuit, parties are entitled to intervention of right if they establish that "(1) their motions to intervene were timely; (2) they possess an interest related to the subject matter of the ... action; (3) disposition of the action threatens to impair that interest; and (4) the [parties] fail to represent adequately their interest."[3] "A party seeking intervention as of right must only make a

---

[3]   *Ligas ex rel. Foster v. Maram,* 478 F.3d 771, 774 (7th Cir. 2007), quoting *United States v. BDO Seidman,* 337 F.3d 802, 808 (7th Cir.2003); *accord, U.S. v. Sidley Austin Brown & Wood LLP*, 2004 WL 816448, 2-3 (N.D.Ill. 2004).

3

showing that the representation 'may be' inadequate and 'the burden of making that showing should be treated as minimal.'"[4]

DeBenedetto will address each of the four requirements in turn.

**Timeliness is well met.**

DeBenedetto seeks to intervene only three months after the case was commenced and prior to any substantive motions. This is clearly timely. Cases that have discussed timeliness issues have involved motions to intervene after much litigation had already transpired.[5]

**DeBenedetto's interest is closely related to the subject matter.**

As outlined above, the subject matter of the First Complaint is identical to the subject matter of the Second Complaint. The Second Complaint effectively seeks to hijack DeBenedetto's already-pending lawsuit seeking statewide certification, by alleging a right to nationwide certification under Illinois law.

Thus, DeBenedetto's interest is directly related to the subject matter of this case.

**Disposition of the Second Case will severely impair DeBenedetto's interest.**

Any decision adverse to the class and any settlement that is less than adequate will impair DeBenedetto's interests and his efforts to represent the New Jersey class. Indeed, it is almost certain that any nationwide class settlement would attempt to release claims of New Jersey residents, and it is certain that any judgment adverse to the interests of a national class would

---

[4] *Ligas ex rel. Foster v. Maram,* 478 F.3d 771, 774 (7th Cir. 2007), quoting *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); *accord, U.S. v. Sidley Austin Brown & Wood LLP*, 2004 WL 816448, 3 (N.D.Ill. 2004).

[5] *See*, e.g., *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977) (motion to intervene filed after dismissal but within appeal period is timely); *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 881 (7th Cir. 2000) (motion to intervene filed after class certification but before fairness hearing is timely); *In re Discovery Zone Securities Litigation*, 181 F.R.D. 582, 593-594 (N.D.Ill. 1998) (motion to intervene filed after class action settlement is timely).

likely be *res judicata* to the New Jersey claims, or at least provide Denny's with a basis for a collateral attack on that case.

**The plaintiff and counsel in the Second Case fail to represent the interests of DeBenedetto or the class he seeks to represent.**

There is nothing about this litigation that gives comfort to DeBenedetto as to the adequacy of the would-be class counsel in the Second Case.

The very act of filing a copycat lawsuit indicates a desire to obtain a benefit (usually limited to lawyer fees). The National Association of Consumer Advocates has set a higher standard in its Standards and Guidelines for Litigating and Settling Consumer Class Actions, published in Federal Rules Decisions ("NACA Guidelines"): "Class counsel should attempt to learn of any preexisting cases and to communicate with other plaintiffs' counsel in such cases before or promptly after filing an overlapping case."[6]

Rather than follow this Guideline, class counsel did the opposite — filing a copycat case.

And the Second Case has significant legal obstacles that are above and beyond those in a typical class action, primarily created by the effort to certify a nationwide class under Illinois law, when there is no locus of interest in Illinois.

Counsel for DeBenedetto in the First Case are highly experienced and respected class action lawyers. One of the firms representing DeBenedetto is the Center for Science in the Public Interest, which enjoys a reputation as an influential and independent science-based organization. When he was Commissioner of the Food and Drug Administration, David Kessler credited CSPI with "one of the greatest public health advances of the century" by promoting the importance of

---

[6] STANDARDS AND GUIDELINES FOR LITIGATING AND SETTLING CONSUMER CLASS ACTIONS (2d Ed., 2006), 255 F.R.D. 215 (2009). In the interests of full disclosure, one of DeBenedetto's counsel, Stephen Gardner, is the primary drafter of the Guidelines.

5

the link between diet and health to the government, industry, and the public.[7] In 2007, the FDA Commissioner awarded CSPI the agency's highest honor, the Harvey W. Wiley Special Citation. Talk show host Oprah Winfrey called CSPI's magazine *Nutrition Action Healthletter* "the master-mind critic that sounded the food alarms."[8]

## PERMISSIVE INTERVENTION BY DEBENEDETTO

If for any reason the Court is not convinced that DeBenedetto can intervene of right, he seeks permission to intervene.

"Permissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and where there is independent jurisdiction."[9]

As the Court has observed:

> The Seventh Circuit has identified two requirements which "must be met before a court may exercise its discretionary power to grant intervention under 24(b)(2). The proposed intervenor must demonstrate that there is (1) a common question of law or fact, and (2) independent jurisdiction." *Id.* (citing *Reedsburg Bank v. Apollo,* 508 F.2d 995, 1000 (7th Cir.1975)). Once these requirements are met, "intervention under 24(b)(2) is entirely discretionary." *Id.* (citing *Keith v. Daley,* 764 F.2d 1265, 1272 (7th Cir.1985)). However, the Court's exercise of its discretion is not unguided. The text of Rule 24(b) advises that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."[10]

---

[7]   Center for Science in the Public Interest, *About CSPI,* http://cspinet.org/about/index.html.

[8]   *Id.*

[9]   *Ligas ex rel. Foster v. Maram,* 478 F.3d 771, 774 (7th Cir. 2007), citing *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1381 (7th Cir.1995).

[10]  *U.S. v. Sidley Austin Brown & Wood LLP*, 2004 WL 816448, 8 (N.D.Ill. 2004).

**There are many common questions of law and fact.**

Both the First Case and the Second Case are based on identical facts as to Denny's practices, and seek similar class certification.[11]

Indeed, the fact that the putative class members in the First Case are subsumed within the definition of the class in the Second Case proves that the cases have much in common, both on the facts and on the law.

**The Court already has jurisdiction.**

DeBenedetto's claims are similar to those raised by the plaintiff in the Second Case, as outlined above. The Second Case seeks for the Court to exercise jurisdiction nationwide under state laws, and the Court can use its supplemental jurisdiction to take jurisdiction over DeBenedetto's New Jersey law claims as well.

**Intervention will not delay or prejudice the rights of the original parties.**

There can be no question that intervention is sought so early in the case that it cannot delay or prejudice the rights of the current parties. Because the First Case seeks relief on behalf of the citizens of New Jersey, who are included in the definition of the class in the Second Case, there is no chance of additional discovery and minimal chance of duplicative motion practice.[12]

Indeed, permitting DeBenedetto to intervene will benefit the rights of the absent class members, because of the experience of his counsel in that case, as discussed above.

## PRAYER

For the foregoing reasons, Nick DeBenedetto asks to intervene as an additional plaintiff and putative class representative, and for his counsel to be joint putative class counsel.

---

[11] Cf. First Complaint ¶ 38 to Second Complaint ¶ 22.

[12] Cf. *Coburn v. DaimlerChrysler Services North America, L.L.C.,* 218 F.R.D. 607, 610 (N.D.Ill. 2003).

Dated: November 5, 2009          Respectfully submitted,

By:    s/      Anthony F. Fata
Anthony F. Fata
**Cafferty Faucher LLP**
30 North LaSalle Street
Suite 3200
Chicago, IL 60602
Telephone: 312-782-4880
Facsimile: 312-782-4485

*Liaison Counsel for Intervenor*

Stephen Gardner
**Center for Science in the Public Interest**
Director of Litigation
5646 Milton Street, Suite 211
Dallas, Texas 75206
Telephone: 214-827-2774
Facsimile: 214-827-2787

*Counsel for Intervenor*

*Of Counsel:*

Andrew R. Wolf
Henry P. Wolfe
**Galex Wolf, LLC**
Attorneys at Law
1520 U.S. Highway 130, Suite 101
North Brunswick, New Jersey 08902
Telephone: 732-257-0550
Facsimile: 732-257-5654

**Williams Cuker Berezofsky**
**Mark R. Cuker**
**Michael J. Quirk**
One Penn Center at Suburban Station
1617 J.F.K. Blvd., Suite 800
Philadelphia, PA 19103-1819
Telephone: 215-557-0099
Facsimile: 215-557-0673

*Attorneys for Plaintiff Nick DeBenedetto, on behalf of himself and others similarly situated*

8