# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JASON CISZEWSKI, individually and as the representative of a class of similarly situated persons, | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) Case No. 09 C 5355 |
| DENNY'S CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jason Ciszewski, on behalf of a putative class, has sued Denny's Corporation for failing to inform consumers of the sodium content in its meals. He asserts claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), unjust enrichment, and breach of an implied-in-fact contract, and he requests an accounting. Denny's has moved to dismiss Ciszewski's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the motion.

## Background

The Court takes the following recitation of the facts from the allegations in Ciszewski's complaint.

From the time of the transactions giving rise to his claims through the present, Ciszewski has suffered from high blood pressure which, among other things, requires

him to take prescription medication and limit his sodium intake. Sodium is a prominent cause of high blood pressure, hypertension, and other ailments that increase the risk of heart disease and stroke. To lessen the health risks associated with sodium, the Centers for Disease Control and Prevention (CDC) recommends limiting sodium intake to 1,500 milligrams per day. This averages to 500 milligrams per meal for someone who consumes three meals in a day.

Starting in 2004, Ciszewski purchased and consumed meals at Denny's, including items called Moons Over My Hammy, the SuperBird Sandwich, and the Meat Lover's Scramble. Ciszewski alleges that seventy-five percent of the meals sold at Denny's contain an amount of sodium that far exceeds 1,500 milligrams, the maximum that CDC recommends consuming in an entire day. Ciszewski alleges that Moons Over My Hammy contains over 3,200 milligrams of sodium; the SuperBird Sandwich contains over 2,600 milligrams of sodium; and the Meat Lover's Scramble contains over 5,600 milligrams of sodium. Combined, these Denny's meals contain more sodium than the CDC recommends consuming in eight days.

Ciszewski alleges that Denny's knows the ingredients and methods used to prepare the food sold at its restaurants. He also alleges, on information and belief, that Denny's adds excessive amounts of sodium to its meals and/or uses food excessively high in sodium. He claims that consumers would not expect or suspect that the food contains such high levels of sodium and that they cannot ascertain the excessive sodium content through touch, taste, smell, or sight.

Ciszewski claims that although Denny's is aware of the health risks associated

with sodium, it failed to disclose the true sodium content of its meals. He also alleges that had he known the actual and excessive sodium content of Denny's meals, he would not have conducted business with the restaurant. Ciszewski contends that by failing to inform customers of the true amount of sodium in its food, Denny's subjected him and others to unnecessary and serious health risks.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. When considering a motion to dismiss a complaint, the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).

I. **ICFA claim**

Ciszewski claims that Denny's defrauded its customers by failing to inform them of the allegedly excessive amounts of sodium contained in most of its meals. In Illinois, a "Consumer Fraud Act claim requires (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception." *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 550, 922 N.E.2d 309, 313 (2009).

The Court can dispose quickly of two of Denny's arguments. Denny's argues that Ciszewski's ICFA claim is barred by a provision of the statute that says its provisions do not apply to "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." 815 ILCS 505/10b(1). Denny's contends that this provision applies because food labeling requirements imposed under the federal Nutritional Labeling and Education Act (NLEA) do not apply to food served in restaurants. *See* 21 U.S.C. § 343(q)(5)(A)(i) & (r)(5)(B).[1]

The argument is without merit. Under the cited provision of the ICFA, "full compliance with applicable disclosure requirements is a defense, under section 10b(1), to a claim of fraud based on failure to make additional disclosures." *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 249, 848 N.E.2d 1, 41 (2006). Denny's cites no authority, however, that would support a contention that the ICFA provision applies when there are no "disclosure requirements" to comply with.

Because there is no support for a contention that an exemption from federal disclosure is a "specific[ ] authoriz[ation]" within the meaning of the ICFA provision, Denny's argument amounts to a contention that because federal disclosure requirements do not apply, the ICFA cannot impose a disclosure requirement. Nothing in the ICFA or the law under it supports this contention. Nor does anything in the NLEA. Indeed, the NLEA's provisions that specifically bar states and their subdivisions

---

[1] The Court notes that it appears a provision of recently-passed federal health care legislation will, for the first time, impose some nutrition disclosure requirements on chain restaurants like Denny's. *See* H.R. 3590, § 4205(b), 111th Cong., 2d Sess (Mar. 21, 2010).

4

from imposing food labeling requirements different from those in the NLEA specifically except food that is exempt from federal labeling requirements under the provisions cited above. 21 U.S.C. § 343-1(a)(4) & (5).

Next, Denny's argues that Ciszewski has failed to allege intent with sufficient particularity. This argument is likewise lacking in merit. Federal Rule of Civil Procedure 9(b) specifically provides that "intent . . . may be alleged generally." Fed. R. Civ. P. 9(b). Though that does not exempt allegations of intent from the requirements of Federal Rule of Civil Procedure 8 as construed in *Iqbal*, those are "less rigid . . . strictures." *Iqbal*, 129 S. Ct. at 1954. Ciszewski alleges that Denny's knew the sodium content of its meals and knowingly hid it from consumers, understanding that it would influence their decision to purchase its meals. *See* Compl. ¶¶ 28-29, 31. These allegations certainly rise to a sufficient level of plausibility to pass muster under *Iqbal*.

On the other hand, when a plaintiff asserts an ICFA claim premised on deceptive conduct, the requirements of Rule 9(b) apply to the averments of deception. *See, e.g., IWOI, LLC v. Monaco Coach Corp.*, 581 F. Supp. 2d 994, 1002 (N.D. Ill. 2008); *compare Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (ICFA claim based on unfair as opposed to deceptive conduct is not subject to Rule 9(b)'s heightened pleading requirements). Denny's argues that Ciszewski has failed to describe the alleged deception with sufficient particularity. Ciszewski makes it clear in his response that he does not claim that Denny's made any deceptive misrepresentation but rather alleges deceptive omissions. *See* Pl.'s Resp. at 2 ("the case at bar . . . arises from the Defendant's failure to disclose

excessive, dangerous and adulterated levels of sodium in its meals . . . .") & 6 ("Plaintiff's claim does not sound in the misrepresentation of the meals' nutritional content, but rather in the omission of the fact that the sodium content of its meals are adulterated . . . .").

Ciszewski's argument that his ICFA claim meets Rule 9(b)'s requirements is as follows:

> Plaintiff has met this pleading burden where he has alleged that the Defendant ("who"), failed to disclose the facts that its meals contain excessive and adulterated levels of sodium ("what") to its customers in each of its restaurants throughout the United States ("where and how") throughout the class period ("when").

Pl.'s Resp. at 8-9. This does not pass muster. The Illinois Supreme Court has recently made it clear that a consumer cannot maintain an ICFA claim absent some communication from the defendant, either a communication containing a deceptive misrepresentation or one with a deceptive omission. *De Bouse*, 235 Ill. 2d at 555, 922 N.E.2d at 316. As the court stated in *De Bouse*,

> [W]e have repeatedly emphasized that in a consumer fraud action, the plaintiff must actually be deceived by a statement or omission. If there has been no communication with the plaintiff, there have been no statements and no omissions. In such a situation, a plaintiff cannot prove proximate cause. . . . A consumer cannot maintain an action under the Illinois Consumer Fraud Act when the plaintiff does not receive, directly or indirectly, communication or advertising from the defendant.

*Id.*

In short, a deceptive communication is a critical element of an ICFA deception claim. Because Ciszewski identifies no communication that he received that was generated by Denny's, he has failed to plead the circumstances constituting the fraud

6

with the particularity required by Rule 9(b). For this reason, the Court dismisses Count 1 of the complaint.[2]

## II. Unjust enrichment claim

Unjust enrichment is an appropriate remedy if "the defendant unjustly retained a benefit to plaintiff's detriment and defendant's retention of the benefit violates fundamental principles of justice, equity and good conscience." *Stathis v. Geldermann, Inc.*, 295 Ill. App. 3d 844, 864, 692 N.E.2d 798, 811 (1998) (internal quotation marks and citation omitted). This remedy "is not a separate cause of action that, standing alone, will justify an action for recovery." *Martis v. Grinnell Mut. Reinsurance Co.*, 388 Ill. App. 3d 1017, 1024, 905 N.E.2d 920, 928 (2009). "Rather, it is a condition that may be brought about by unlawful or improper conduct such as fraud, and may be redressed by a cause of action based upon that improper conduct." *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 631, 888 N.E.2d 1190, 1200 (2008) (internal quotation marks and citations omitted).

Ciszewski alleges that Denny's defrauded its customers by not disclosing the amount of sodium contained in its meals. He claims that he would not have purchased meals at Denny's had he known that they contain an excessive amount of sodium. Absent fraud, however, Denny's was not unjustly enriched by the transactions. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 515 (7th Cir. 2006) (defendant "cannot have been unjustly enriched without proof of deception" in case alleging the defendant violated the ICFA); *see also Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 943 (7th Cir. 2001) ("[I]n

---

[2] Denny's has made other arguments in support of dismissal of the ICFA claims, but the Court need not address them at this time due to the Rule 9(b) defect.

the absence of deception on the part of the defendants, the requisite violation of 'fundamental principles of justice, equity, and good conscience' is not present."). Because the Court has dismissed Ciszewski's claim of fraud under the ICFA, the Court likewise dismisses his claim of unjust enrichment.

III.     **Implied contract claim**

An implied-in-fact contract is "a true contract, containing all necessarily elements of a binding agreement; it differs from other contracts only in that it has not been committed to writing or stated orally in express terms, but rather is inferred from the conduct of the parties in the milieu in which they dealt." *A.E.I. Music Network, Inc. v. Bus. Computers, Inc.*, 290 F.3d 952, 956 (7th Cir. 2002) (internal quotation marks and citation omitted). A claim for breach of an implied-in-fact contract requires a basis to infer a mutual intention to contract. *Id.* For instance, an intention to pay for a newspaper that one takes from a store is commonly inferred. *Id.* "Were there no basis for inferring an intention to pay, there would be no contract." *Id.*

Ciszewski states that Denny's offered its meals for sale and that he accepted its offer to contract for the purchase of those meals. He contends that Denny's intention to be bound to serve meals that are safe to eat is implicit in this contract because consumers reasonably expect restaurants to sell meals that are safe for human consumption. Ciszewski contends that by providing meals that contain unsafe amounts of sodium, Denny's breached their implied contract.

Ciszewski does not allege, however, that any given Denny's meal is unsafe in and of itself. To put it another way, he does not allege that exceeding the CDC-

8

recommended maximum for a day, or several days, in a single meal is by itself unsafe.[3] Thus assuming for purposes of discussion that a restaurant impliedly contracts with its customers that the food it sells is safe for consumption, he has not adequately alleged a breach of that contract. And Ciszewski does not allege or argue anything that would support a contention that Denny's enters into an implied contract to sell only meals that contain less than a particular amount of sodium. *See Brody v. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 298 Ill. App. 3d 146, 154, 698 N.E.2d 257, 265 (1998) (a contract is implied-in-fact "where circumstances under common understanding show a mutual intent to contract."); *see also Nissan N. Am., Inc. v. Jim M'Lady Oldsmobile, Inc.*, 486 F.3d 989, 996 (7th Cir. 2007) (an implied contract requires "the plaintiff [to] show a mutual intent to contract, a meeting of the minds.").

## IV. Accounting

In Illinois, the equitable relief of an accounting requires "the absence of an adequate remedy at law. In addition, . . . the plaintiff must allege at least one of the following: (1) a breach of a fiduciary relationship, (2) a need for discovery, (3) fraud, or (4) the existence of mutual accounts which are of complex nature." *Kempner Mobile Elecs., Inc. v. Southwestern Bell Mobile Sys.*, 428 F.3d 706, 715 (7th Cir. 2005) (internal citations omitted). Because Ciszewski's ICFA claim does not survive Denny's motion to dismiss, he cannot maintain a claim for an accounting.

---

[3] Ciszewski disavows any contention that his claim is based on the repeated consumption of meals from Denny's over an extended period. *See* Pl.'s Mem. at 4.

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion to dismiss [docket no. 21]. The dismissal will convert to a final judgment of dismissal with prejudice unless Ciszewski files, by April 27, 2010, a proposed amended complaint that states one or more viable claims. The case is set for a status hearing on April 27, 2010 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 7, 2010