# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JASON CISZEWSKI, individually and as the representative of a class of similarly situated persons, )<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>DENNY'S CORPORATION, )<br>)<br>Defendant. ) | Case No. 09 C 5355 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jason Ciszewski, on behalf of a putative class, has sued Denny's Corporation for failing to inform consumers of the sodium content in its meals. The Court previously granted Denny's motion to dismiss, stating that it would enter judgment against Ciszewski unless he filed a proposed amended complaint that states one or more viable claims. *Ciszewski v. Denny's Corp.*, No. 09-5355, 2010 WL 1418582, at *5 (N.D. Ill. Apr. 7, 2010). The Court assumes familiarity with that decision.

Ciszewski has filed a proposed amended complaint with claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), unjust enrichment, and breach of contract. Denny's objects to the amended complaint on the ground that it fails to state a claim.

## Discussion

District courts have discretion to grant or deny leave to amend a complaint. *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991). Leave is inappropriate when, among other things, the amendment would be futile. *Id.* An amended complaint is futile if it cannot survive a motion to dismiss. *London v. RBS Citizens*, 600 F.3d 742, 747 n.5 (7th Cir. 2010); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2002).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a motion to dismiss a complaint, the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).

### A. ICFA deception claim

The Illinois Supreme Court has determined that a consumer cannot maintain a claim for deceptive conduct under ICFA absent a communication or advertisement from the defendant containing a deceptive misrepresentation or omission. *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 555, 922 N.E.2d 309, 316 (2009). The Court dismissed Ciszewski's original ICFA deception claim, stating that "[b]ecause Ciszewski identifi[ed] no communication that he received that was generated by Denny's, he . . . failed to plead the circumstances constituting the fraud with the particularity required by Rule 9(b)." *Ciszewski*, 2010 WL 1418582, at *3. Ciszewski claims the Court should grant

him leave to amend because he now alleges that, prior to the purchases, Denny's defrauded him through its menus, signage, advertisements, and commercials by failing to disclose the levels of sodium in its meals.

ICFA requires the same particularity and specificity that is required for common law fraud under Rule 9(b). *IWOI, LLC v. Monaco Coach Corp.,* 581 F. Supp. 2d 994, 1002 (N.D. Ill. 2008). "Specifically, a plaintiff must state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Id.* Denny's contends that Ciszewski has not alleged the circumstances of the fraud with sufficient particularity because he states that he saw the menu, signage, advertisements, and commercials but does not describe what was in those communications.

The Court agrees. Ciszewski has not identified what advertisements or other communications he saw. Ciszewski alleges that Denny's communicated the content of its meals through its communications, but he does not allege with any specificity what information was in those communications and when he received them. Because Ciszewski refers only generally to Denny's communications and does not describe any representations that Denny's made, he has not pled the ICFA deception claim with sufficient particularity. *See e.g., Sefton v. Toyota Motor Sales U.S.A.,* No. 09-3787, 2010 WL 1506709, at *5 (N.D. Ill. Apr. 14, 2010) ("[ICFA claim] is insufficient to satisfy Rule 9(b) . . . [because, among other things, it] does not identify any *specific* communications, nor point to the particular signs, advertisements or manuals that were responsible for the misrepresentation.") (emphasis in original).

Nor has Ciszewski alleged how the claimed omission of the sodium content in Denny's menus or advertisements was deceptive. He does not claim that he believed Denny's meals were low in sodium content – which would be a tough sell, in the Court's view. Nor does he allege that Denny's said anything in its menus or ads about the nutritional content of its meal items or anything that would have suggested to Ciszewski or to a reasonable consumer that the meal items met any sort of nutritional guidelines.

For these reasons, Ciszewski has failed to allege a viable ICFA deception claim.

**B.    ICFA unfair practice claim**

Ciszewski alleges in his amended complaint that Denny's practices regarding the sodium content of its meals are unfair. Because Ciszewski did not include this claim in his original complaint, the Court considers it now for the first time.

A practice is unfair under the ICFA if it offends public policy; is immoral, unethical, oppressive or unscrupulous; or causes substantial injury. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008). An unfair practice claim does not require that all three criteria be met; rather, "a 'practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.'" *Id.* (quoting *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 418, 775 N.E. 2d 951, 961 (2002)). Rule 9(b)'s heightened pleading requirements do not apply to unfair practice claims under the ICFA. *Windy City Metal,* 536 F.3d at 672.

    **1.    Public policy**

A practice, though not previously considered unlawful, offends public policy if it is

contrary to what "'has been established by statutes, the common law, or otherwise – whether . . . it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness.'" *People ex rel. Hartigan v. Knecht Servs., Inc.*, 216 Ill. App. 3d 843, 854, 575 N.E.2d 1378, 1385 (1991) (quoting *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244-45 n.5 (1972)).

The Illinois Supreme Court has stated that "[t]he public policy of the state is found in its constitution, its statutes, and its judicial decisions. In relation to the judicial branch, the General Assembly, which speaks through the passage of legislation, occupies a superior position in determining public policy." *Reed v. Farmers Ins. Group*, 188 Ill. 2d 168, 174-75, 720 N.E.2d 1052, 1057 (1999). Denny's notes that on three occasions, proposed legislation was introduced in the Illinois General Assembly that would have required disclosure of sodium levels in restaurant menus, but no such law was enacted. *See* S.B. 520, 94th Gen. Assem., Reg. Sess. (Ill. 2005); H.B. 389, 95th Gen. Assem., Reg. Sess. (Ill. 2007); H.B. 28, 96th Gen. Assem., Reg. Sess. (Ill. 2009). The fact that the legislature has chosen not to adopt legislation that would require restaurants to disclose sodium levels supports Denny's contention that its practice does not offend public policy. *See e.g., Galvan v. Northwestern Mem'l Hosp.*, 382 Ill. App.3d 259, 269, 888 N.E.2d 529, 539 (2008) ("[T]he [ICFA unfair practices] contentions of the plaintiff should be directed to the deliberative process of the legislature."). Furthermore, Ciszewski cites no common law or other established practice that would make Denny's nondisclosure of the sodium levels of its meals inherently unfair.[1]

---

[1] As indicated in the Court's prior decision, recently passed federal legislation will
(continued...)

5

## 2. Immoral, unethical, oppressive or unscrupulous practice

A practice is oppressive within the meaning of the ICFA if it "leave[s] the consumer with little alternative except to submit to it" and results in the "lack of meaningful choice." *Robinson*, 201 Ill. 2d at 418-20, 775 N.E.2d at 961-62. Ciszewski does not allege that he had no choice but to submit to purchasing Denny's meals and, therefore, he cannot prove oppressiveness.

The allegations in Ciszewski's amended complaint suggest, however, that he is accusing Denny's of engaging in business practices that are immoral, unethical, or unscrupulous. Because case law does not define the terms immoral, unethical, and unscrupulous, the Court applies these terms as they are commonly understood. The term "immoral" is defined as "conflicting with generally or traditionally held moral principles;" "ethical" means "conforming to accepted professional standards of conduct;" and "scrupulous" is "having moral integrity; acting in strict regard for what is considered right or proper." *Merriam-Webster's Collegiate Dictionary* 580, 398, 1051 (10th ed. 1999).

Ciszewski's amended complaint alleges that many restaurants sell food high in sodium and that processed and restaurant foods account for seventy-seven percent of all sodium intake. Proposed Am. Compl. ¶¶ 12, 14, 15. As previously explained, during the period in question, restaurants in Illinois were not required by law to disclose the sodium content of their food. The facts alleged show that serving foods that are high in

---

[1](...continued)
impose some nutrition disclosure requirements on chain restaurants like Denny's. *See Ciszewski*, 2010 WL 1418582, at *2 n.1. But no such requirements existed at the time relevant to Ciszewski's claim.

sodium and not disclosing those levels in restaurant menus is a practice that is widely accepted in the industry. The Court has little difficulty concluding that Denny's practice of not listing in its menus the amount of sodium in its food would not be considered immoral, unethical or unscrupulous within the meaning of the ICFA.

### 3. Substantial injury

The Illinois Supreme Court in *Robinson* cited with approval the Connecticut Supreme Court in *Cheshire Mortgage Serv., Inc. v. Montes*, 223 Conn. 80, 612 A.2d 1130 (1992). Although *Robinson* did not adopt *Montes'* analysis regarding the type of injury that may prompt a finding of unfairness, the test described in *Montes* is instructive in defining substantial injury under the ICFA. *See e.g., Cima v. Wellpoint Healthcare Networks, Inc.*, No. 05-4127, 2006 WL 1914107, at *19 (S.D.Ill. Jul. 11, 2006); *Case v. Ameritech Servs.*, Inc., No. 02-19210, 2004 WL 73524, at *5 (Ill. Cir. Ct. Cook Cty. Jan. 15, 2004).

"To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided." *Montes*, 223 Conn. at 113, 612 A.2d at 1147. Ciszewski alleges that by omitting from its communications the adulterated levels of sodium in its meals, Denny's has caused him and the class substantial injury because large amounts of sodium have adverse health consequences. He also alleges that had he known the sodium content in Denny's food, he would not have purchased it.

Ciszewski does not allege, however, that his own health suffered any adverse

consequences. The facts he alleges, therefore, do not support a claim that any purported physical injury was substantial. Furthermore, it is also quite unlikely that any amount he may have spent on the Denny's meals would qualify as "substantial" economic harm. The second part of the substantial injury test is also not met because there are consumers who prefer purchasing foods from restaurants that sell meals high in sodium. The complaint also fails to allege facts that would support the final element of the test, because consumers could have reasonably avoided eating at Denny's or could have opted to eat "lighter" menu options.

Because Ciszewski does not allege facts that satisfy any of the elements required for an ICFA unfair practices claim, an amended complaint including this claim would be futile.

**C.     Unjust enrichment claim**

Ciszewski claims that because he corrected the earlier deficiencies in his ICFA claim, his unjust enrichment claim is now viable. The Court, however, has ruled insufficient Ciszewski's proposed amended ICFA claim. A claim of unjust enrichment "is not a separate cause of action that, standing alone, will justify an action for recovery." *Martis v. Grinnell Mut. Reinsurance Co.*, 388 Ill. App. 3d 1017, 1024, 905 N.E.2d 920, 928 (2009). Absent fraud or an unfair practice, Denny's was not unjustly enriched by the transactions. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 515 (7th Cir. 2006) (defendant "cannot have been unjustly enriched without proof of deception" in case alleging the defendant violated the ICFA); *see also Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 943 (7th Cir. 2001) ("[I]n the absence of deception on the part of the

defendants, the requisite violation of 'fundamental principles of justice, equity, and good conscience' is not present."). Because Ciszewski alleges no other viable claim, the Court denies him leave to amend his claim of unjust enrichment.

**D.    Breach of contract claim**

In his original complaint, Ciszewski asserted a claim for breach of implied contract. *See* Orig. Compl. ¶¶ 48-56. The Court dismissed the claim partly because Ciszewski did "not allege . . . that any given Denny's meal is unsafe in and of itself. To put it another way, he does not allege that exceeding the CDC-recommended maximum for a day, or several days, in a single meal is by itself unsafe." *Ciszewski*, 2010 WL 1418582, at *4.

Ciszewski contends that he has cured this deficiency by alleging that the excessive amount of sodium in a single Denny's meal is unsafe, causes grave harm, is not fit for human consumption, and is disease-promoting. The Court also found Ciszewski's original claim deficient, however, because he did not "allege or argue anything that would support a contention that Denny's enter[ed] into an implied contract to sell meals that contain less than a particular amount of sodium." *Id.*

Express and implied-in-fact contracts share the same elements, and they differ to the extent that implied contracts are "inferred from the conduct of the parties in the milieu in which they dealt." *A.E.I. Music Network, Inc. v. Bus. Computers, Inc.*, 290 F.3d 952, 956 (7th Cir. 2002). The essential elements of both an express and implied contract in Illinois include offer, acceptance, and consideration. *Nissan N. Am., Inc. v. Jim M'Lady Oldsmobile, Inc.*, 486 F.3d 989, 996 (7th Cir. 2007). Because the parties

did not enter into a written contract, Ciszewski must also prove he had an express oral contract with Denny's. "For an oral contract to exist, the parties must have had a meeting of the minds with respect to the terms of the agreement and must have intended to be bound to the oral agreement." *Podolsky v. Alma Energy Corp.*, 143 F.3d 364, 369 (7th Cir. 1998); *see also Leavell v. Dep't of Natural Res.*, 397 Ill. App. 3d 937, 948, 923 N.E.2d 829, 841 (2010) ("Oral agreements are binding so long as there is an offer, an acceptance, and a meeting of the minds regarding the terms of the agreement.").

Ciszewski alleges that when he contracted with Denny's for the meals, he did not receive what he claims he bargained for: "a meal fit for human consumption . . . [because] it contained disease-promoting levels of sodium." Proposed Am. Compl. ¶ 67. "For a contract to be enforceable, the material terms of the contract must be definite and certain." *Leavell*, 397 Ill. App. 3d at 948, 923 N.E.2d at 841. Ciszewski does not allege that he and Denny's mutually agreed that meals served to him would contain a particular amount of sodium. Absent such an understanding, Ciszewski's breach of contract claim fails. *See id.* ("An enforceable contract must include a meeting of the minds or mutual assent as to the terms of the contract."); *see also Quinlan v. Stouffe*, 355 Ill App. 3d 830, 839 (2005) ("[T]he parties . . . did not have a meeting of the minds . . . [because] the parties did not enter into a contract that had certain and enforceable essential terms.").

**Conclusion**

For the foregoing reasons, the Court denies plaintiff's motion for leave to amend

his complaint [docket no. 37]. Because plaintiff has failed to file a proposed amended complaint that states a viable claim, the Court directs the Clerk to enter a final judgment of dismissal.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 2, 2010